# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## RANDALL BLAKENEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 80451     Ray Jenkins, Judge**

---

**No. E2004-02499-CCA-R3-PC - Filed April 13, 2005**

---

The petitioner, Randall Blakeney, appeals the trial court's order denying post-conviction relief. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Tenn. Ct. Crim. App. R. The pleading is barred by the statute of limitations and was properly dismissed. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA McGEE OGLE, J.J., joined.

Randall Blakeney, Pikeville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

According to the petitioner's brief and attachments thereto, the petitioner was convicted in January 1999 pursuant to guilty pleas for first degree murder and especially aggravated robbery. Upon these convictions, he was sentenced as a Range II offender to life imprisonment with the possibility of parole and a consecutive term of forty years, respectively. In October 2000, he filed a pro se "Petition to Correct or Modify Void Illegal Sentence," asserting that he was improperly sentenced as a Range II offender without the requisite number of prior felony convictions to support sentencing under that classification. The trial court denied relief, finding that a defendant may plead outside the range of punishment. On appeal, this court agreed and summarily affirmed the judgment of the trial court. See Randy Oscar Blakeney, No. E2001-00457-CCA-R3-CD (Tenn. Crim. App. Nov. 6, 2001)(order).

On September 3, 2004, the pro se petitioner, citing the Post-Conviction Procedure Act,[1] filed a "Motion for Counsel and New Evidentiary Hearing" in the trial court. Documents attached to the petitioner's memorandum of law reflect that his trial counsel was disciplined in connection with his representation of the petitioner for violating two provisions of the former Code of Professional Responsibility generally concerning an attorney's duty to deliver, upon request, all papers and other property to which a client is entitled upon the attorney's withdrawal.[2] See Tenn. Sup. Ct. R. 8, DR 2-110(A)(2); DR 9-102(B)(4) (2002). The record reflects that the disciplinary proceedings arose as the result of petitioner's complaint alleging, in particular, that counsel had failed to comply with the petitioner's request to forward the entire contents of the petitioner's "legal file" to the petitioner upon counsel's withdrawal at the conclusion of proceedings in the trial court. The petitioner claimed that as a result of counsel's infractions, the petitioner received ineffective assistance of trial counsel and was deprived of the opportunity to pursue post-conviction relief. Although he submitted no post-conviction petition with the instant motion, the petitioner moved the trial court to appoint counsel and grant him an evidentiary hearing "in regards to [the petitioner's] petition for post-conviction relief." The trial court dismissed the motion, finding that if construed as a petition for post-conviction relief, the motion was barred by the statute of limitations.

Tennessee Code Annotated Section 40-30-102 (a) provides that a person must petition for post-conviction relief within one year of the date on which the judgment became final or consideration of the petition will be time-barred. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Id. In the present case, six years after entry of the challenged judgment and well beyond the one-year limitations period, no petition has yet been filed. The instant motion is in essence not a post-conviction petition but simply a request for an opportunity to pursue post-conviction relief in an admittedly untimely manner. The motion contains no indication of the nature of any constitutional challenges the petitioner intends to assert against his underlying judgments of conviction entered pursuant to his pleas of guilty. The petitioner does not explain his failure timely to pursue post-conviction relief other than to argue that counsel's failure to provide him with his case file prevented him from doing so. Under the facts presented, we conclude that the petition was properly dismissed.

In Avant v. State, 577 S.W.2d 471 (Tenn. Crim. App. Dec. 7, 1978), app. denied (Tenn. Feb. 20, 1979), this court considered an appeal from the trial court's denial of a petition requesting "copies of all warrants, indictments, minute entries, paper writings filed with the court, any transcript of trial proceedings as well as appellate proceedings, or, in the alternative, affording the [petitioner] reasonable, personal access to the preexisting files and records including, presumably, a transcript of his guilty plea submission hearing." The petitioner requested the records following the conclusion of appellate proceedings in which his judgments of conviction and sentences were affirmed. The

---

[1] See Tenn. Code Ann. § 40-30-101, et seq., formerly Tenn. Code Ann. § 40-30-201, et. seq.

[2] The Code of Professional Responsibility was replaced in its entirety with the Rules of Professional Conduct effective March 1, 2003. See Tenn. S. Ct. R. 8, RPC (2003).

parties stipulated that the petitioner was incarcerated, indigent, and unable to personally inspect the records in the court clerk's offices. This court affirmed the trial court's denial of the petition, observing that "[w]ith the establishment by the legislature of the Post-Conviction Procedure Act, the appellant has not been denied meaningful access to the court . . . . " Id. at 472. The court further observed that under the Act, "there are two prerequisites placed upon the petitioner: (1) that he file a petition for post conviction relief, and (2) that he is declared an indigent . . . before the trial court may order any document necessary to further his attack upon his conviction." Id. at 472-73; see also Tenn. Code Ann. §§ 40-30-106, - 107.

Returning to the present case, we conclude that lack of access to his case file did not prevent or excuse the petitioner from timely filing a proper post-conviction relief petition setting forth any cognizable claims for relief supported by allegations of fact. See Tenn. Code Ann. § 40-30-104. We further reject the petitioner's argument that due process considerations tolled the statute of limitations for seeking post-conviction relief. Based on our review of the record, pleadings and relevant law, we conclude that the trial court properly dismissed the motion or "petition" as time-barred.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
GARY R. WADE, PRESIDING JUDGE