# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
May 4, 2004 Session

## MACK A. O'BANER v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. P-27087    Arthur T. Bennett, Judge

---

### No. W2003-01945-CCA-R3-PC  - Filed June 8, 2004

---

The petitioner, Mack A. O'Baner, was convicted by a Shelby County jury of the offense of first degree murder.  He was sentenced to life imprisonment.  On direct appeal this Court affirmed the convictions.  See State v. Mack A. O'Baner, No. W2001-00815-CCA-R3-CD, Shelby County, (filed March 15, 2002, at Jackson).  On February 6, 2003, the petitioner filed a post-conviction petition alleging that his due process rights were violated by a jury instruction on second degree murder which failed to specify that second degree murder committed through a "knowing killing of another" was strictly a "result-of-conduct offense."  See State v. Page, 81 S.W.3d 781, 790 (Tenn. Crim. App. 2002).  The petition also alleged that his trial and appellate counsel were ineffective in failing to challenge the jury instructions given as being violative of the holding in Page.  The trial court summarily dismissed the petition finding inter alia that, because he was convicted of first degree murder the petitioner could not establish prejudice as a result of his claims.  After a review of the record and the applicable authorities we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JAMES CURWOOD WITT, JR., JJ., joined.

Claiborne H. Ferguson, Memphis, Tennessee for the appellant, Mack A. O'Baner

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

<u>Factual Background</u>

<u>Trial Evidence</u>

As summarized by this Court in the direct appeal of this case the evidence supporting the petitioner's conviction is as follows:

In December of 1997, the Defendant married Cassaundra Mason, the victim in this case. One month later, they separated. They were divorced in April of 1998. Approximately a year later, the two resumed a casual romantic relationship. The victim worked at Corporate Express in Memphis, and around 2:00 p.m. on January 12, 2000, two of the victim's co-workers observed the Defendant circling through the company parking lot in his small black car prior to the victim's arrival.

When the victim arrived at work, she briefly conversed with co-workers and then went to retrieve something from her car. A few minutes later, several employees heard two quick gunshots followed by several more. Two witnesses ran to the parking lot and saw the victim lying injured on the pavement and a small black car slowly driving away. At 2:50 p.m., the Defendant entered the East Precinct of the Memphis Police Department and informed officers that he "just shot [his] wife." When asked why he shot the victim, the Defendant replied:

> I came to a point that I had to make a decision and I made it. She knows what it's about and so do I. I feel sorry for people that are killed in car and plane crashes, but I don't feel sorry for Cassaundra.

[The Petitioner] then told police that they would find the gun he used in his car which was parked outside of the station.

Dr. Cynthia Gardner, the Shelby County Medical Examiner, testified that the victim was shot eight times. Dr. Gardner stated that the bullets injured vital organs and caused massive bleeding which ultimately led to the victim's death. Tennessee Bureau of Investigation Officer Don Carmen testified that the bullets recovered from Ms. Mason's body were all fired from the gun found in the Defendant's car.

The Defendant contended at trial that he recently ended his relationship with the victim. He stated that Ms. Mason was angry with him due to his relationship with another woman. The Defendant testified that, on January 12 while the two were talking in the Corporate Express parking lot, Ms. Mason charged him while wielding a box cutter, and he shot her in self-defense. The Defendant further stated that he did not remember how many shots he fired at the victim. The Defendant never mentioned Ms. Mason's alleged aggression to the police, and no box cutter was found at the scene.

State v. O'Baner, No. W2001-00815-CCA-R3-CD, 2002 WL 1482685 AT *1 (Tenn. Crim. App. Mar. 15, 2002) (no app. filed).

## Post-Conviction Proceeding

As noted the petitioner's post-conviction petition raised allegations of due process deprivations and deficient representation of counsel centering around a lack of any challenge at trial or on direct appeal to the jury instructions for second degree murder which failed ala State v. Page supra. to specify that a second degree murder was a "result-of-conduct offense." Also, as noted, the trial court summarily dismissed the petition. We hold that a summary dismissal was proper under the circumstances.

Tennessee Code Annotated section 40-30-106(f) provides in pertinent part with respect to post-conviction relief petitions:

> Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed.

Similarly, the Rules of the Tennessee Supreme Court regarding post-conviction petitions provides:

> In the event the court concludes after the preliminary review that a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition or an order requiring that the petition be amended.

Rule 28, § 6(B)(4)(a), Rules of the Supreme Court.

In this case there is no allegation that the petition was dismissed without an opportunity to amend or denied counsel, rather the only issue is whether the petition states a colorable claim requiring a hearing. See Burnett v. State, 92 S.W.3d 403 (Tenn. 2002). A "colorable claim" is presumably a claim that, if proven, would render the petitioner's conviction or sentence "void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Id. at 407; Tenn. Code Ann. § 40-30-203 (1997).

We hold that the petition in the instant case failed to establish a colorable claim because this Court has consistently held that any error in jury instructions under State v. Page, supra., is harmless beyond a reasonable doubt where, as in the instant case, the defendant is convicted of first degree murder. This Court has reasoned that where the jury has concluded beyond a reasonable doubt that the defendant has "premeditated" or formed a preconceived design to assist or commit a murder the issue of intent to cause death is clearly resolved in favor of the State. State v. Hill, 118 S.W.3d 380, 386 (Tenn. Crim. App. 2002); State v. Douglas Marshall Mathis, No. W2001-02291 CCA-R3-CD (Tenn. Crim. App. at Nashville, March 3, 2004); State v. Robert Faulkner, No. W2001-02614-CCA-R3-DD (Tenn. Crim. App. at Jackson, Sept. 26, 2003). Thus, in the instant case, because the petitioner was convicted of first degree, premeditated murder, any failure of the trial court to adequately instruct the jury under Page was harmless beyond a reasonable doubt. It necessarily follows that because of the jury's first degree murder verdict counsel's failure to raise the Page issue either at trial or on appeal could not have prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 690-94, 104 S. Ct. 2052, 2054, 80 L. Ed. 2d 674 (1984); Burnett v. State, 92 S.W.3d at 408 (holding that in order to establish a constitutional claim of ineffective assistance of counsel, counsel's allegedly deficient performance must have had a prejudicial effect on the outcome of the petitioner's case.)

## Conclusion

In light of the foregoing it appears that the petition for post-conviction relief failed to state a colorable claim for relief and therefore summary dismissal was proper. The judgment of the post-conviction court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE