IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

## LONNIE MACLIN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-00440      W. Otis Higgs, Jr., Judge**

_____

**No. W2007-01099-CCA-R3-PC  - Filed April 18, 2008**

_____

The petitioner, Lonnie Maclin, was convicted of first degree felony murder, attempted aggravated robbery, misdemeanor reckless endangerment, especially aggravated kidnapping, aggravated robbery, reckless aggravated assault, and two counts of aggravated assault, and received an effective sentence of life imprisonment. Following an unsuccessful direct appeal, he filed a petition for post-conviction relief alleging that the trial court's instructions to the jury were erroneous. Finding that the issue was waived because it was not raised on direct appeal, the post-conviction court summarily dismissed the petition without appointing counsel or holding an evidentiary hearing. The petitioner argues that the post-conviction court erred in those determinations and in dismissing his petition without affording him an opportunity to amend or supplement it. He also argues that we should not find waiver because he is seeking to vindicate a federal constitutional right. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Lonnie Maclin, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

We derive the relevant factual background from the opinion of this court in the petitioner's direct appeal from his convictions:

On the afternoon of September 25, 2002, the [petitioner] spoke with Derek Robinson, an admitted drug dealer, about purchasing some marijuana. After Robinson left the area, the [petitioner] was overheard discussing a "stang," a term which is street slang for committing a robbery. Later that evening, at approximately 10:00 p.m., Robinson, along with LeKeshia Jones, her sister, Kaneshia Jones, and Kaneshia's infant, went to the home of Karen Arnold, four or five houses down from the [petitioner's] home on Arrendale, to sell drugs. The Jones sisters remained in the car during the transaction. Robinson returned to the car and, just as he was getting into the car, the [petitioner], dressed in dark clothing, approached him. After Robinson informed the [petitioner] that he had no marijuana to sell, the [petitioner] asked for a ride up the street. When Robinson told the [petitioner] that he wanted to take the Jones sisters home first, the [petitioner] displayed a gun, pointed it at Robinson's face, and stated "bitch, drop it all." The [petitioner] then patted down Robinson's pants and grabbed a ring from Robinson's hand.

At this point, the [petitioner] ordered everyone out of the car, waving his gun around as he spoke. The Jones sisters immediately got out of the car. As Robinson attempted to slide out the passenger side door, the [petitioner] hit Robinson with the gun. The [petitioner], now driving Robinson's 1981 brown Cadillac, proceeded down the street to Robinson's home, where he parked in the driveway. Robinson informed the [petitioner] that he was not going inside his home because his kids were awake. The [petitioner] responded, "[W]ho said we're going to your house, you know what I want."

The [petitioner] then removed Robinson from the car and escorted him next door to the home of Hashim McFee. After repeated knocking, McFee opened the door to find the [petitioner] pointing a gun at Robinson, whom the [petitioner] pushed inside when the door opened. The [petitioner] repeatedly asked "where's the dope," continually becoming more aggressive. McFee told the [petitioner] that the drugs were in a closet, and the three of them, with the [petitioner] still displaying the gun, proceeded down a hallway towards the back bedroom. At some point, McFee winked at Robinson as if to indicate that he was going to do something. Inside the room, McFee moved towards the closet as if to open it; however, he swung around and grabbed the [petitioner's] arm. A struggle ensued, and two shots were fired in rapid succession. McFee was struck twice and died as a result of the wounds. "In split seconds," the [petitioner] fired a third shot at Robinson. The [petitioner] then fled the scene in Robinson's Cadillac. The Jones sisters called 911.

At approximately the same time, Latoya Echols was standing at the gas pumps of a nearby Circle K convenience store. Just as she finished pumping the gas, the [petitioner] drove through the parking lot at a high rate of speed in Robinson's car and struck Ms. Echols' car. A Memphis City police officer who was stopped at the Circle K witnessed the event. The [petitioner], seeing the officer, proceeded to

run. The [petitioner] was eventually apprehended and placed under arrest. No weapons, money, or drugs were found when the [petitioner] was captured. However, the ring taken earlier from Robinson was found in the car.

State v. Lonnie M. Maclin, No. W2004-00468-CCA-R3-CD, 2005 WL 2648333, at *1-2 (Tenn. Crim. App. Oct. 17, 2005), perm. to appeal denied (Tenn. Mar. 20, 2006).

The petition for post-conviction relief asserted that the indictment for aggravated robbery alleged that the petitioner took a ring and that the trial court erred in instructing the jury that the ring was not an element of the offense of aggravated robbery.[1] The petitioner argued that this instruction denied him his constitutional rights to a jury trial and due process of law because it was "structurally defective." The post-conviction court determined that the petitioner waived this claim for relief by not presenting it on direct appeal and summarily dismissed the petition without appointing counsel or holding an evidentiary hearing.

## ANALYSIS

The petitioner argues that summary dismissal of his petition was improper because his failure to raise the claim that the jury instructions violated his constitutional rights should not operate as a waiver. He also argues, as we understand, that he should have been afforded a greater opportunity to amend or supplement his petition. The State argues that the post-conviction court correctly determined that summary dismissal was appropriate. As we will explain, we agree with the State.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). If the facts alleged in the petition for post-conviction relief, taken as true, fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. Id. § 40-30-106(f); Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985). A ground for relief is waived if the petitioner personally or through counsel failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless: (1) the ground for relief is based upon a constitutional right not existing at the time of trial and requiring retroactive application; or (2) the failure to present the ground was the result of state action in violation of the state or federal constitution. Id. § 40-30-106(g). If the post-conviction court determines that the petition does not state a colorable claim for relief, it may dismiss the petition without appointing counsel or holding an evidentiary hearing. O'Baner v. State, 159 S.W.3d 605, 607-08 (Tenn. Crim. App. 2004); Harris v. State, 996 S.W.2d 840, 842 (Tenn. Crim. App. 1999).

---

[1] Because the petitioner has not provided the indictment or relevant trial transcript for our review, we are unable to properly analyze this allegation.

The petitioner contends that because he lodged a challenge to the jury instructions on direct appeal, this issue is not waived and the post-conviction court erred in summarily dismissing his petition. However, there is no merit to this contention. Although the petitioner challenged the instructions on the felony murder charge on direct appeal, he did not assert the claim, until he petitioned for post-conviction relief, that the trial court erred in its aggravated robbery instructions.[2] That issue is waived for failure to raise it on direct appeal, and because it was the sole claim for relief alleged in the post-conviction petition, the post-conviction court properly dismissed the petition without appointing counsel or holding an evidentiary hearing.

The petitioner also argues that the post-conviction court erred in dismissing his petition before allowing him to amend or supplement it and that "his right to argue his federally protected constitutional rights on post conviction [review] were not waived where the jury instructions question was raised on direct appeal but failed to be presented identical [sic] to the question before the court." We discern that, with this latter argument, the petitioner may be questioning whether we may find waiver when the abrogation of a federal constitutional right is alleged. The petitioner does not support either argument with appropriate citations to the record or legal authority, so these issues are deemed waived. Tenn. Ct. Crim. App. R. 10(b). Accordingly, we conclude that the record supports the determination of the post-conviction court.

## CONCLUSION

Based on the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ALAN E. GLENN, JUDGE

_____

[2] We note that, even if we were to accept the petitioner's broad construction of the issue presented and find that he did preserve the issue by raising it on direct appeal, summary dismissal would still be proper because the issue had been previously determined. Tenn. Code Ann. § 40-30-106(f), (h).