# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## WILLIAM PATRICK ROBINSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Carroll County**
**No. 02CR1840     C. Creed McGinley, Judge**

---

**No. W2009-02180-CCA-R3-PC  - Filed August 18, 2010**

---

The petitioner, William Patrick Robinson,[1] appeals pro se from the Circuit Court of Carroll County's dismissal of his petition for post-conviction relief.  He pled guilty to first degree felony murder and especially aggravated robbery and was sentenced to life imprisonment without the possibility of parole and a concurrent term of twenty-five years imprisonment, respectively.  The State filed a motion requesting this court to affirm the post-conviction court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

William Patrick Robinson, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The record on appeal is limited to the pro se petition for post-conviction relief and the preliminary order dismissing the petition.[2]  It does not include the judgment forms.  The

---

[1]In the record, there is some confusion regarding the petitioner's last name.  The petition for post-conviction relief and the preliminary order list the petitioner's name as Roberson.  Conversely, the petitioner's brief lists his name as Robinson.  This court also referred to the petitioner as Robinson in a prior opinion.

[2]The record also includes a second preliminary order, a scheduling order, and a certificate of counsel. These documents have not been filled out and are not signed.

petition for post-conviction relief states that the judgments were entered on March 18, 2002.

The petitioner acknowledged that he previously filed a pro se petition for post-conviction relief. This first petition was filed on February 26, 2003. See William Patrick Robinson v. State, No. W2003-01393-CCA-R3-PC, 2004 WL 875267, at *1 (Tenn. Crim. App., at Jackson, Apr. 22, 2004). The post-conviction court initially dismissed the petition; however, this court reversed the dismissal, finding that the petition asserted specific facts supporting two colorable claims. Id. at *3. The case was remanded for the appointment of counsel and to allow the petitioner to amend his petition. Id. According to the preliminary order, the prior petition was ultimately dismissed on December 30, 2004.

The current pro se petition was filed on July 20, 2009. It raised two claims based on ineffective assistance of counsel. First, the petitioner argued that trial counsel was ineffective because he failed to suppress an admission the petitioner made to the police. He said the police questioned him after he invoked his right to an attorney. The police eventually solicited an admission, which the petitioner claimed violated his rights under the Fifth and Fourteenth Amendments. Second, the petitioner argued that trial counsel was ineffective because he failed to adequately research or investigate his case.

The petition also requested review of whether his Miranda rights were violated. The petitioner claimed his case was comparable to State v. Dailey, 273 S.W.3d 94 (Tenn. 2009), which was decided after his first petition for post-conviction relief. Dailey addressed the effect of Miranda warnings on confessions before and after Miranda warnings were given. Id. at 112-13. The petitioner asked the post-conviction court to review the merits of his case using the standard of review set forth in Dailey.

At the conclusion of the petition, he requested the appointment of counsel and an evidentiary hearing.

The post-conviction court summarily dismissed the petition. The preliminary order does not state that the petitioner was appointed counsel or that there was an evidentiary hearing. The post-conviction court concluded that the petitioner did not assert a colorable claim. Specifically, it found that:

> The applicable statute of limitation has long since expired. Any post-conviction petition must be filed within one (1) year of the date upon which the judgment became final. The Petitioner entered a plea of guilty on March 18, 2002 and this post-conviction petition was filed over nine (9) years[3] after the judgment became final.

---

[3]The petition was filed a little more than seven years after the judgments became final.

The petitioner has previously filed a post-conviction relief petition which was adjudicated on the merits and a written Order of Dismissal was entered on December 30, 2004 dismissing the post-conviction petition. The law contemplates the filing of the only one (1) post-conviction [petition] yet the Petitioner asserts in this second petition essentially the same grounds that had been previously adjudicated and dismissed.

The order was entered on August 31, 2009, and the petitioner filed a notice of appeal on October 6, 2009.

The Post-Conviction Procedure Act states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d) (2009). Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. See id. Furthermore, the petitioner's "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." Id. "If, however, the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." Id. "If the facts alleged in the petition, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the post-conviction court shall dismiss the petition." See id. § 40-30-106(f) (2009). The order of dismissal shall set forth the post-conviction court's conclusions of law. See id. A post-conviction court shall enter an order or a preliminary order within thirty (30) days of the filing of the petition or amended petition. See id. § 40-30-106(a) (2009).[4]

In Burnett v. State, the Tennessee Supreme Court outlined the process that a post-conviction court must follow in determining whether a petition for post-conviction relief should be dismissed without a hearing. 92 S.W.3d 403, 406 (Tenn. 2002). First, the court should review the petition to determine whether the petition asserts a colorable claim. Id. A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'" Id. (quoting Tenn. Sup. Ct. R. 28 § 2(H)). Accordingly, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." Id. (citing T.C.A. § 40-30-206(f) (1997)).[5] Second, the post-conviction court "may afford an indigent pro se petitioner the opportunity to have

_____

[4]We note that the preliminary order was entered more than thirty days after the filing of the petition. The petitioner did not assert that he was prejudiced by the untimely dismissal, and we view the delay as harmless error. See William Alexander Cocke Stuart v. State, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *2 (Tenn. Crim. App., at Nashville, May 4, 2004).

[5]Section 40-30-206 was renumbered to 40-30-106 in 2003.

counsel appointed and to amend the petition, if necessary." Id. (citing T.C.A. § 40-30-207(b)(1) (1997)).[6] The Burnett court summarized the last step in the process:

> In the final stage of the process preceding an evidentiary hearing, the trial court reviews the entire record, including the petition, the State's response, and any other files and records before it. If, on reviewing these documents, the court determines conclusively that the petitioner is not entitled to relief, the petition shall be dismissed [without an evidentiary hearing].

Id. (citing § 40-30-209(a) (1997)).[7]

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (citing T.C.A. §§ 40-30-104, -107, -115). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing T.C.A. § 40-30-109).

In this case, the petitioner raises the same arguments on appeal that were included in his petition. He claims trial counsel was ineffective for failing to have his admission to the police suppressed and that trial counsel did not adequately research or investigate his case. He recognizes that this is a successive petition for post-conviction relief and argues that, under State v. Dailey, 273 S.W.3d 94 (Tenn. 2009), a "new law claim" should be applied to his case. In response, the State argues that the post-conviction court properly found that the petition was untimely and successive. The State also claims the petitioner waived his right to appeal by filing an untimely notice of appeal.

As a preliminary matter, we note that the petitioner's notice of appeal was untimely. The preliminary order was dated August 31, 2009 and the notice of appeal was filed on October 6, 2009. Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that the notice of appeal be filed within thirty days of the preliminary order. The petitioner's failure to comply with Rule 4(a) ordinarily waives his appeal; however, in the interest of justice, we will review the merits of the petition. See T.R.A.P. 4(a) ("[T]he 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice.").

---

[6]Section 40-30-207 was renumbered to 40-30-107 in 2003.

[7]Section 40-30-209 was renumbered to 40-30-109 in 2003.

In viewing the record, we agree with the State that the post-conviction court did not err in dismissing the petition. The petition was not filed within the applicable statute of limitations, and it was successive to a prior petition. Section 40-30-106(b) states:

> If it plainly appears from the face of the petition . . . that the petition was not filed . . . within the time set forth in the statute of limitations, or that a prior petition was filed attacking the conviction and was resolved on the merits, the judge shall enter an order dismissing the petition.

The statute of limitations for post-conviction proceedings is defined under section 40-30-102(a). This section states that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a) (2009). Here, the petitioner did not pursue a direct appeal and the judgments were entered on March 18, 2002. The petition is barred by the statute of limitation because it was filed more than seven years after the judgments became final. In addition, the record does not show that any appeal was taken following remand by this court from the trial court's dismissal of the petitioner's first petition for post conviction relief.

Section 40-30-102(b) provides three exceptions to the statute of limitations. The only exception that conceivably might apply is subsection (1), which states:

> The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

T.C.A. § 40-30-102(b) (2006). The petitioner argues that his case was affected by the Tennessee Supreme Court's recent decision in State v. Dailey, 273 S.W.3d 94 (Tenn. 2009). In Dailey, the Tennessee Supreme Court addressed whether a defendant was in custody at the time of his confession without having been advised of his Miranda rights and the trial court's denial of his motion to suppress. Dailey discussed the effect of Miranda warnings on confessions before and after Miranda warnings had been given. Id. at 112-13. Dailey applied existing constitutional law regarding Miranda, and it did not establish a new constitutional right that would affect the merits of the petitioner's case. Therefore, this exception is not applicable.

The statute of limitations may also be tolled based on due process concerns. In <u>Seals v. State</u>, the Tennessee Supreme Court held:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

23 S.W.3d 272, 277-78 (Tenn. 2000) (quoting <u>Burford v. State</u>, 845 S.W.2d 204, 207 (Tenn. 1992)) (internal citations omitted). The record shows that the petitioner was given a reasonable opportunity to have his claim adjudicated. The petition was filed over seven years after the judgments became final. Additionally, the petitioner had the opportunity to raise these issues in his first petition for post-conviction relief. We conclude that due process concerns do not require tolling the statute of limitations in this case, and therefore the one-year limitations period is applicable.

In conclusion, we agree with the trial court, and conclude that the dismissal of the petition was appropriate because the petitioner had previously filed a petition for post-conviction relief. Section 40-30-102(c) states: "If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Here, the post-conviction court determined that the petitioner filed a prior petition that was adjudicated on the merits and ultimately dismissed. We further conclude that, based on Tennessee Code Annotated Section 40-30-117(a), no circumstances have been shown to justify interpreting this petition as a motion to reopen Robinson's prior petition for post-conviction relief.

We recognize that the petitioner was not appointed counsel or given an evidentiary hearing to address his petition. Nonetheless, the dismissal was appropriate because the record conclusively shows the petitioner was not entitled to relief. <u>See</u> T.C.A. 40-30-109(a) (2009) ("If, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition."); <u>Givens</u>, 702 S.W.2d at 580. Accordingly, the post-conviction court did not err in dismissing the petition without appointing counsel or holding an evidentiary hearing.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the post-conviction court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate

against the finding of the post-conviction court.  <u>See</u> Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, it is ordered that the State's motion is granted.  The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
CAMILLE R. McMULLEN, JUDGE