George B. DOTSON, Petitioner,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Dec. 30, 1971.

Certiorari Denied by Supreme Court Feb. 22, 1972.

**764**

Louis Chiozza, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, James G. Hall, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

GALBREATH, Judge.

The petitioner appeals from the dismissal of his petition seeking to have the Shelby County Criminal Court direct the clerk to furnish him with the technical record and transcript of the trial resulting in his convictions for assault with the intent to commit voluntary manslaughter and armed robbery for the stated purpose of using these records in preparing a petition seeking post conviction relief.

■■■ No authorization exists under present law for furnishing such records to an indigent, although T.C.A. § 40–3813 does make provisions for furnishing without cost to petitioner certified copies of such documents or parts of the record on file as may be required. We are of the opinion that the obligation to furnish such portions of the record of the original trial does not arise until it is demonstrated to the satisfaction of the trial court, after a petition has been filed setting out grounds which if true would entitle the petitioner to relief, that such portions of the record may be of reasonable assistance to the petitioner in establishing his right to the relief sought. We know of no authority for forcing the State to furnish at its expense a complete record for the potential petitioner to pore over in hopeful efforts to find some constitutional defect of which he has not enough inkling to allege in a petition. Such fishing expeditions are not permissible.

Also, the petitioner has already had furnished to counsel on his behalf a full certification of the proceedings resulting in his conviction. He appealed from the judgment of the Court following his jury trial on pleas of not guilty; and by opinion of Judge William Russell of this Court, concurred in by Judges O. D. Hyder and John Mitchell, the very record sought was reviewed and the conviction affirmed.

There is no allegation in the present petition that any constitutional error was

committed at the trial, and no reason suggests itself how having the record handed to him would benefit him in discovering such defects now.

The action of the trial court is affirmed.

MITCHELL, J., and JOHN D. TEMPLETON, Special Judge, concur.