Robert A. AVANT, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 7, 1978.

Certiorari Denied by Supreme Court
Feb. 20, 1979.

Joe B. Jones, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, James F. Arthur, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

DWYER, Judge.

This is an appeal from a dismissal without an evidentiary hearing of appellant's "Petition for Records of Criminal Cases". The appellant is presently incarcerated in the Penitentiary as a result of convictions for committing the offenses of robbery with a deadly weapon, with resulting punishment of confinement for 25 years; crime against nature, with resulting punishment of confinement for 15 years; and crime against nature, with resulting punishment of confinement for 15 years. The sentences were ordered to be served consecutively. The appellant was convicted in the Criminal Courts of Shelby County on September 28, 1972. His convictions were affirmed by this court on January 28, 1974, in an unpublished opinion released at Jackson styled *Willie Joe Key, et al. v. State*, with certiorari denied by the Supreme Court on March 4, 1974.

The petition sub judice was filed pro se on April 7, 1978, and counsel was appointed by the trial court on April 19, 1978. By agreement of the parties a stipulation of facts was submitted and approved for entry in the cause on May 26, 1978, which substantially stated:

I

"On the 28th day of September, 1972, Petitioner was found guilty of Armed Robbery and two (2) cases by Crime Against Nature. He was sentenced by a jury to twenty-five (25) years, fifteen (15) years and fifteen (15) years respectively. The style of said cases were State of Tennessee v. Robert A. Avant, B–32669, B–32671 and B–32672.

II

"A Motion for New Trial was filed, heard and overruled and an appeal was prayed. A transcript of the proceedings was typed

by the official Court Reporter and a Bill of Exceptions and Technical Record was approved by the parties and by the Court.

### III

"Subsequent to the appeal being perfected, the entire record was sent to the Court of Criminal Appeals in Jackson, Tennessee. The original record is presently held by the Clerk of the Court of Criminal Appeals in Jackson, Tennessee.

### IV

"On January 24, 1974, the judgment of the Trial Court was affirmed as to all cases and the Supreme Court of Tennessee denied Defendant's Petition for Certiorari.

### V

"Since such records are public records, any person seeking information regarding the said records could, by making personal visits to the Clerks' Offices in Jackson and Memphis, Tennessee, review the entire record and upon payment of the appropriate fees, have copies of all or any part of said records.

### VI

"Petitioner, Robert A. Avant, is currently incarcerated and is unable to personally appear in the Clerks' Offices to inspect the records of his case. He is without funds to pay for copies and/or hire an attorney and for the purposes of this Petition is indigent. (T.R. 59–60)"

The trial court denied the petition without an evidentiary hearing on June 20, 1978, and in addition to the above stated stipulation of facts incorporated in the order of dismissal, the trial court made the following findings:

"Petitioner has exhausted his appellate remedies; that there is not now pending any Petition for Post-Conviction Relief nor Petition for Writ of Habeas Corpus with respect to the Petitioner herein; that there is nothing of record to indicate the existence of any meritorious claim upon which a collateral attack upon Petitioner's conviction might be sustained . . . (T.R. 63)"

The appellant's sole assignment of error:

"The trial court erred in denying the appellant's petition for copies of all warrants, indictments, minute entries, paper writings filed with the court, any transcript of trial proceedings as well as appellate proceedings, or, in the alternative, affording the appellant reasonable, personal access to the preexisting files and records because the denial of the petition in effect denies the appellant of (a) adequate, effective and meaningful access to the courts, (b) equal protection of the law and, (c) due process of law within the meaning of the United States Constitution."

The appellant in admirable candor relates that this court has rejected similar claims as advanced by the appellant here, citing *Jones v. State*, 3 Tenn.Cr.App. 76, 457 S.W.2d 869 (1970); *Dotson v. State*, 477 S.W.2d 763 (Tenn.Cr.App.1971); *McCracken v. State*, 529 S.W.2d 724 (Tenn.Cr.App. 1975). However, he contends that these decisions of this court fail to consider the constitutional right of an inmate to adequate, effective and meaningful access to the courts. With reliance on *Rush v. United States*, 559 F.2d 455 (7th Cir. 1977). We have been shown no reason to retreat or disagree with the *Jones-Dotson-McCracken* courts. In the dismissal order sub judice the trial court concluded its findings by relating that there is not now pending any petition for post-conviction relief, nor petition for writ of habeas corpus with respect to the petitioner herein; that there is nothing in the record to indicate the existence of any meritorious claim from which a collateral attack on petitioner's conviction might be sustained. With the establishment by the legislature of the Post-Conviction Procedure Act, T.C.A. 40–3801 et seq., the appellant has not been denied meaningful access to the court, and in particular as we construe T.C.A. 40–3813 there are two prerequisites placed upon the petitioner: (1)

that he file a petition for post conviction relief, and (2) that he is declared an indigent as defined in T.C.A. 40–2014, before the trial court may order any document necessary to further his attack upon his conviction. In rejecting a similar contention the United States Supreme Court in *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) has this to say about a due process deprivation in similar circumstances:

> "[N]either the Equal Protection Clause of the Fourteenth Amendment, nor the counterpart equal protection requirement embodied in the Fifth Amendment, guarantees 'absolute equality or precisely equal advantages,' *San Antonio School Dist. v. Rodriguez*, 411 U.S. 1, 24, 93 S.Ct. 1278, 1291, 36 L.Ed.2d 16 (1973). In the context of a criminal proceeding they require only 'an adequate opportunity to present [one's] claims fairly . . . .' *Ross v. Moffitt*, 417 U.S. 600, 616, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974)." 426 U.S., at 324, 96 S.Ct., at 2091.

In short, we find no merit in appellant's assignment. If appellant has a valid claim that his convictions were constitutionally impermissible, the Post Conviction Procedure Act is the proper vehicle for the presentation of that claim. In conclusion, if appellant has a meritorious claim it may be presented in a petition for post-conviction relief and if the trial court finds that a transcript or other documents are necessary to further those claims it may be ordered and furnished the indigent at State expense. The assignment being overruled, the judgment of the trial court in dismissing the petition is affirmed.

O'BRIEN and TATUM, JJ., concur.