**Bobby Gene GIVENS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 30, 1985.

Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

Ann C. Short, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., Knoxville, for appellee.

## OPINION

WALKER, Presiding Judge.

By his petition for postconviction relief, Bobby Gene Givens challenges his conviction for third degree burglary and of being a habitual criminal with a sentence to life imprisonment. On direct appeal, we affirmed the conviction and the supreme court denied permission to appeal. *State v. Givens*, 631 S.W.2d 720 (Tenn.Cr.App. 1982).

On August 10, 1983, petitioner filed his pro se postconviction relief petition. On December 15, 1983, still appearing pro se, petitioner filed an amendment to his petition. It is conceded by the state that responsive pleadings to neither petition were ever filed. An order was filed April 27, 1984, by the trial judge dismissing the petition without an evidentiary hearing. The petitioner, still pro se, filed a notice of appeal and a motion for the appointment of counsel. An attorney was appointed to handle this appeal.

The petitioner's sole issue is that the trial judge erred in dismissing his postconviction relief petition without an evidentiary hearing, without aid of counsel and without responsive pleadings having been filed by the state.

T.C.A. § 40–30–109(a)(1) states: "When the petition has been competently drafted and all pleadings, files and records of the case which are before the court conclusively show that the petitioner is entitled to no relief, the court may order the petition dismissed."

The state agrees that the district attorney general is required to file a responsive pleading and attach all records or transcripts material to the issues raised in accordance with T.C.A. § 40–30–114, but contends that the omission was harmless since the petitioner's record is on file with the Clerk of the Court of Criminal Appeals.

While this court can take judicial notice of the records on file, the purpose of the

responsive pleadings is that: "The assistance of the district attorney general may be valuable to the trial judge, not only in understanding the nature and merit of the contentions, but also in bringing together the files and records in the case." *Parton v. State*, 483 S.W.2d 753 (Tenn.Cr.App. 1972). The court goes on to say: "It is necessary that the pleadings, files and records in the case which are before the court conclusively show that the petitioner is entitled to no relief before the trial court may order the petition dismissed." *Id* at 755.

 Due to the district attorney general's omission, the record is meager. The record, however, shows no grounds for postconviction relief. Petitioner raised four issues in his petition. The first ground (that the prosecutor improperly showed the indictment alleging habitual criminalty to the jury) has been rejected on direct appeal and is not now properly before this court.

In his second issue the petitioner contends he was denied a speedy trial. This issue has been waived as it should have been raised in the direct appeal. *Garrett v. State*, 534 S.W.2d 325 (Tenn.Cr.App. 1975). The third issue is also without merit. Petitioner contends he was denied a transcript of the trial. He requested a transcript prior to the filing of his petition. A petitioner is not entitled to a complete trial transcript at state expense to go on a fishing expedition to see what he can find. *McCracken v. State*, 529 S.W.2d 724 (Tenn. Cr.App.1975). The petitioner must demonstrate to the satisfaction of the trial court, after filing his postconviction petition, that the record will be of reasonable assistance to him in establishing his right to the relief sought. *Dotson v. State*, 477 S.W.2d 763 (Tenn.Cr.App.1971).

In his last issue, the petitioner asserts that the Tennessee Habitual Criminal Statute (T.C.A. § 39–1–801 et seq.) is unconstitutional based on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This court has consistently upheld

the statute. See *State v. Cole*, 665 S.W.2d 407 (Tenn.Cr.App.1983); *State v. Freeman*, 669 S.W.2d 688 (Tenn.Cr.App.1983). The proof at his trial showed petitioner had 13 Tennessee felony convictions as well as convictions in two other states.

Where a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing. T.C.A. § 40–30–109, supra. While we affirm the trial judge's denial of the postconviction relief petition, we admonish the trial judge to require responsive pleadings of the district attorney general pursuant to T.C.A. § 40–30–114, supra.

The judgment is affirmed.

BYERS, J., and TEMPLETON, Special Judge, concur.