IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 18, 2002

## JAMES WILLIAM DASH v. HOWARD W. CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 3837     Lynn W. Brown, Judge**

_____

**No. E2001-02867-CCA-R3-PC**
**September 11, 2002**
_____

The petitioner, James William Dash, filed a petition for writ of habeas corpus which was denied by the trial court for lack of jurisdiction. In this appeal of right, the petitioner argues that the trial court clerk erroneously filed the petition in the criminal court rather than the circuit court, that his judgment of conviction is void, and that the trial court erred in the assessment of costs. The trial court's order taxing costs to the petitioner is reversed. Otherwise, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed in Part, Affirmed in Part, and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA McGEE OGLE, JJ., joined.

James W. Dash, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter, and Kathy D. Aslinger, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In March of 1984, the petitioner, James W. Dash, was charged with grand larceny in Hamilton County. The evidence at trial established that the petitioner, a prison inmate, escaped from the Bledsoe County Regional Correction Center in late February of 1983 and, several days later, stole a car from a parking lot in Hamilton County. The petitioner was arrested in New Orleans, where the vehicle was recovered. The petitioner was convicted and, due to prior convictions, declared a habitual criminal. See Tenn. Code Ann. §§ 39-1-801 through 39-1-807 (repealed 1989). His sentence was enhanced to a life term. The convictions were affirmed on direct appeal. See State v. James W. Dash and John W. Gilam, No. 951 (Tenn. Crim. App., at Knoxville, July 23, 1986).

On August 8, 2001, over 16 years after the judgment of conviction, the petitioner filed a petition for writ of habeas corpus in the Johnson County Circuit Court, alleging that (1) he had never received a trial; (2) he had never been sentenced to life imprisonment; (3) the convicting court had no personal or subject matter jurisdiction; (4) Judge Russell C. Hinson, whose name appears on the judgment form, had not presided at trial or ordered a life sentence; and (5) the judgment form was not signed by the convicting judge. The state filed a motion to dismiss, asserting that the judgment was not void on its face and that the sentence had not expired. The trial court denied the petition, citing "lack of jurisdiction." In this appeal of right, the petitioner claims that the trial court clerk erroneously filed the petition in the criminal court rather than the circuit court, that the judgment of conviction is void, and that the trial court erred in the assessment of costs.

I

Initially, the petitioner asserts that the trial court clerk erroneously filed the petition in the Johnson County Criminal Court, rather than the Johnson County Circuit Court. The state responds that the petition was correctly filed.

The record reflects that the petition bears a Johnson County Circuit Court caption and that the transmittal letter included instructions that it be filed in that court. The petition was assigned case number 3837 and filed by the circuit court clerk. All of the filings relative to the state's motion to dismiss and the petitioner's notice of appeal are styled for filing in the circuit court and bear the stamp of the circuit court clerk. The record on appeal was certified by the circuit court clerk. The order denying the petition, however, is styled for filing in the criminal court and is signed by Lynn W. Brown, a criminal court judge. The order does bear case number 3837, the same as that originally assigned to the case, and was stamped filed by the circuit court clerk.

The record contains no explanation for the variance in the caption, which may have been merely a typographical error or clerical mistake. The discrepancy does not, however, mean that the petitioner would prevail in this appeal. It is the duty of the appellant to supply an adequate record for a determination on the merits. See Tenn. R. App. P. 24; State v. Coolidge, 915 S.W.2d 820, 826 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Troutman, 979 S.W.2d 271 (Tenn.1998). Because the record on this issue is wholly inadequate for analysis, this court is authorized to deny relief on purely procedural grounds.

Notwithstanding our concern about the adequacy of the record, it is apparent that a criminal court judge signed an order dismissing a case filed and pending in the circuit court. There is no explanation. Our habeas corpus statute, however, specifically allows for an adjudication by a judge from either court: A "writ [of habeas corpus] may be granted by any judge of the circuit or criminal courts, or by any chancellor in cases of equitable cognizance." Tenn. Code Ann. § 29-21-103 (emphasis added). Moreover, a criminal court judge has authority to provide over circuit court matters by interchange. See Tenn. Code Ann. §§ 16-2-502, 17-1-203, 17-2-201 through 17-2-209; Stuart v. State, 60 Tenn. 178 (1873). Judge Brown is a duly elected judge in the First Judicial District. Finally, in his transmittal letter to the court clerk, the petitioner actually instructed that the

petition could alternatively be filed in the criminal court. Under these circumstances, the caption discrepancy would not serve as a basis for relief.

II

Next, the petitioner maintains that the trial court erred by denying the writ of habeas corpus. Counsel was not appointed prior to the entry of the order of dismissal. Although the transcript of any hearing on the state's motion to dismiss is not included in the record, the state contends that the denial was appropriate because the petitioner failed to allege grounds that would establish that his sentence has expired or that the judgment is void on its face.

"[An] application [for writ of habeas corpus] should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105; see also Tenn. Code Ann. § 29-21-103. Here, the petition was filed in Johnson County, the county in which the petitioner is incarcerated. The trial court, therefore, had jurisdiction to determine the merits of the petition. The petitioner, however, has failed to demonstrate why the judgment of conviction lacks facial validity.

A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

In our view, the petitioner has failed to assert any claim that would entitle him to habeas corpus relief. First, the petitioner alleges that he was not actually afforded a trial or sentenced to life imprisonment. Neither deficiency is apparent on the face of the judgment. The record on appeal in State v. James W. Dash and John W. Gilam, No. 951, establishes that the petitioner was, in fact, tried and properly sentenced within the statutory terms. The petitioner also asserts that the convicting court had no personal or subject matter jurisdiction, yet the record demonstrates that he was convicted in the Hamilton County Criminal Court. "[C]ircuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." Tenn. Code Ann. § 40-1-108. The record establishes that the offenses were committed in Hamilton County. See Tenn. Const. Art. I, § 9 (establishing local jurisdiction, or venue, as the county where the crime was committed). This argument, therefore, also lacks merit.

Finally, the petitioner claims that he was not tried and sentenced by Judge Russell C. Hinson, whose name appears on the judgment form, and that the judgment form does not bear the signature

-3-

of the judge of the convicting court. This court may take judicial notice of its records on file. See Tenn. R. App. P. 13(c); Givens v. State, 702 S.W.2d 578, 579 (Tenn. Crim. App. 1985). The record on the petitioner's direct appeal indicates that the petitioner was both tried and sentenced by Joseph F. DiRisio, a criminal court judge. That Judge Hinson's name was erroneously listed on the judgment form does not render it void. See Tenn. R. Crim. P. 36 ("Clerical mistakes in judgments . . . may be corrected by the court at any time . . . ."); Hugh Peter Bondurant and Kenneth Patterson Bondurant v. Ricky J. Bell, Warden, No. M2001-00143-CCA-R3-CO (Tenn. Crim. App., at Nashville, Feb. 7, 2002). Additionally, as the state correctly points out, this court has previously held that the lack of a signature does not render a judgment void. See Robinson v. State, No. E1999-00945-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Aug. 30, 2000); Mayes v. State, No. E1999-01374-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Feb. 24, 2000).

III

Finally, the petitioner contends that the trial court erred by assessing the costs of the litigation against him. Tennessee Code Annotated § 29-21-125 provides that the costs associated with a habeas corpus proceeding "shall be adjudged as the court or judge may think right." Because the trial court summarily denied the petition, the record contains no rationale for the taxation of costs to the petitioner. It does, however, reveal that the petitioner is a pauper. On the same date that he filed the petition, the petitioner also filed a motion for appointment of counsel asserting his indigency, a motion to proceed in forma pauperis, and an affidavit of indigency. These documents indicate that the petitioner, who is incarcerated in the Northeast Correctional Complex, is paid $40 per month by the Department of Correction for inmate labor and has less than $1 in his inmate account. He has no savings or checking accounts and no assets. In consequence, the trial court's order taxing costs to the petitioner must be reversed. The costs accrued in the trial court should be taxed to the State. See Michael W. Smith v. James Dukes, Warden, No. W2001-01535-CCA-R3-PC (Tenn. Crim. App., at Jackson, Feb. 1, 2002) (reversing trial court's order taxing habeas corpus petitioner with costs where petitioner's status as pauper was apparent).

Accordingly, the trial court's order taxing costs to the petitioner is reversed. In all other respects, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE