IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

## STATE OF TENNESSEE v. LARRY E. SHANNON

**Appeal from the Circuit Court for Rutherford County**
**No. F-46541     J. Steve Daniel, Judge**

—————————

**No. M2004-00112-CCA-R3-CD - Filed December 14, 2004**

—————————

The defendant, Larry E. Shannon, appeals the trial court's order extending his probation by an additional eighteen months. He contends that the trial court lacked jurisdiction because his sentence expired before the probation revocation warrant was issued. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Larry E. Shannon.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; Thomas F. Jackson, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was convicted by a jury of misapplication of contract funds, a Class E felony, and making a harassing telephone call, a Class A misdemeanor. The trial court sentenced the defendant as a Range I offender to ninety days in jail and eighteen months probation for the Class E felony, and eleven months, twenty-nine days for the misdemeanor harassment conviction, to be served concurrently. He was also ordered to pay restitution in the amount of $47,966.75. The defendant began serving his jail sentence on February 3, 2000, and appealed his conviction. He was released on bail shortly after beginning his jail term pending the outcome of his appeal. This court denied the defendant's appeal on December 31, 2001, and the defendant returned to jail to complete his ninety-day period of confinement.

The defendant was released from jail in March 2002 and began probation. On September 3, 2003, the state issued a probation violation warrant. The defendant filed a motion to dismiss the

warrant, arguing that his eighteen-month sentence had expired in July 2003. At the motion hearing, the trial judge stated, "There is no question in my mind that I ordered that Mr. Shannon serve 90 days and thereafter followed by 18 months of supervised probation to ensure the payment of the restitution. This warrant is timely." The trial court denied the defendant's motion and extended his probation eighteen months.

The defendant asserts that the original sentence imposed was for eighteen months, with ninety days confinement and the balance of fifteen months to be served on probation. The state contends that the sentence was for ninety days confinement, followed by eighteen months of supervised probation to ensure payment of restitution.

Initially, we note that the appellate record does not contain the transcript of the sentencing hearing or a copy of the judgment pertaining to the defendant's sentence. When the record is incomplete, we are generally precluded from considering the issues and may conclusively presume that trial court's judgment was correct. Tenn. R. App. P. 24(b); see State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Although the record before us is inadequate, this court may take judicial notice of its own records on file. See Tenn. R. App. P. 13(c); Givens v. State, 702 S.W.2d 578, 579-80 (Tenn. Crim. App. 1985).

The judgment filed January 14, 2000, contains the following language under "special conditions" with regard to the defendant's sentence: "Serve 90 days beginning 02-03-00 balance suspended upon compliance with state supervised probation for 18 mos. Pay restitution, fines and costs within 18 mos. as directed by probation officer." The transcript of the sentencing hearing reveals that the trial court determined that the defendant "should serve at least 90 days; thereafter, to be released on 18 months of State's supervised probation."

We conclude that the trial court sentenced the defendant to serve ninety days in jail followed by eighteen months of supervised probation. The defendant began serving his sentence on February 3, 2000, but he was released on bond for a period of approximately 23 months, pending the outcome of the defendant's appeal. On December 31, 2001, he returned to jail. The record reflects that the defendant said he completed his ninety-day period of confinement and was released "around" March 23 or 25, 2002. The probation violation report states that the defendant began his probation on March 14, 2002. Regardless of which date is correct, the earliest the defendant's eighteen-month period of probation would expire would have been September 14, 2003. We conclude that the warrant was timely filed and that the trial court had jurisdiction to extend the defendant's period of probation. Based on the forgoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE