# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 8, 2011

## JEROME LIONEL PRICE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2009-I-1024      Seth Norman, Judge**

**No. M2010-01633-CCA-R3-PC - Filed July 7, 2011**

The petitioner, Jerome Lionel Price, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief. The post-conviction court dismissed the petition, without appointment of counsel, finding that the petitioner had failed to present a claim upon which a petition for post-conviction relief may be founded. On appeal, the petitioner contends that the decision was in error because he asserts that he did, in fact, state a colorable claim for relief. We agree. As such, we reverse the order summarily dismissing the petition and remand the case for further proceedings pursuant to the Post-Conviction Procedure Act.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Jerome Lionel Price, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record in this case reflects that the petitioner was charged by criminal information with two counts of Class B felony possession of a controlled substance with intent to sell or deliver. Thereafter, on August 31, 2009, the petitioner pled guilty as charged. Pursuant to the plea agreement, he was sentenced, as a Range II offender, to two sentences of thirteen years and six months. The agreement further provided that the two sentences would be

served concurrently in the Department of Correction.

On May 24, 2010, the petitioner filed a timely *pro se* petition seeking post-conviction relief. As grounds for relief, he asserted that he had been deprived of his right to the effective assistance of counsel based upon trial counsel's failure to file a motion to suppress the evidence, specifically the drugs, because the informant's tip lacked reasonable suspicion. In the memorandum of law supporting his petition, the petitioner further asserted that "[w]ithout the inadmissible drug evidence, [he] would not have pled guilty." The petitioner also contends that trial counsel, knowing that the informant's tip was not sufficient, "incompetently allowed [the] petitioner to consent to an information indictment . . . instead of preserving [the] petitioner's constitutional right to be tried only upon presentment or indictment of the grand jury of his peers.

On July 8, 2010, the post-conviction court entered an order summarily dismissing the petition. The court made the following findings of fact in the written order:

> In the matter at hand, the Petitioner exercised his option to forego the formal prosecutorial process and accept a guilty plea to criminal information, essentially bypassing lengthy litigation. However, he now wishes to vacate such convictions and begin the process anew. If [the] Petitioner wanted to contest the charges and mount a defense thereof, he could have simply moved to strike the information and await presentation of the matter to the grand jury for it to determine whether to issue an indictment. The Court is of the opinion that, by entering a valid waiver of the right to indictment or presentment by grand jury and instead pleading by information, the Petitioner has essentially waived post-conviction claims of ineffective assistance of counsel not related to the entry of the plea itself.

> Furthermore, the Court does not believe it would be a wise decision to permit such individuals to proceed on claims of ineffective assistance of counsel for failure to litigate suppression issues on information. To do so would basically "open the floodgates" for every single defendant pleading guilty on an information to make a post-conviction claim of deficient representation by counsel, effectively rendering such an instrument useless and inefficient.

> The Petitioner here knowingly and intelligently decided to waive grand jury consideration of the charges and proceed by information pursuant to [Tennessee Code Annotated section 40-30-103]. Evidently, he desired to quickly dispose of the case and enter guilty pleas, thus eliminating the need for

-2-

extensive litigation on counsel's part. His subsequent entry of guilty pleas in the matter was apparently entered knowing, voluntarily, and understandingly. *See* Tenn. R. Crim. P. 11(b). Therefore, the Court is of the opinion that the Petitioner has failed to present a claim upon which a petition for post-conviction relief may be founded.

Moreover, petitions for post-conviction relief must be verified under oath. *Sexton v. State*, 151 S.W.2d 525, 530 (Tenn. Crim. App. 2004); T.C.A. [§] 40-30-104(e). The phrase "verified under oath" normally means that the documents have been "notarized by a notary public or acknowledged in the presence of an official." *Charles Montague v. State*, . . . No. E2000-01330-CCA-R3-PC . . . (Tenn. Crim. App. at Knoxville, Sept. 4, 2001). The Petition here is signed by the Petitioner as "self notary," and is therefore not properly verified.

Based on the foregoing analysis, the Petition for Post-Conviction Relief is hereby respectfully dismissed.

From these findings, we glean that the post-conviction court dismissed the petition because: (1) the petitioner waived all post-conviction grounds by pleading guilty by information, thus failing to state a colorable ground for relief; and (2) the petition was not appropriately verified. On appeal, the State concedes that the post-conviction court committed error by summarily dismissing the petition for post-conviction relief. We agree.

The Post-Conviction Procedure Act states that a petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d) (2006). Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. *Id.* Furthermore, the petitioner's "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." *Id.* "If, however, the petition was filed *pro se*, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." *Id.* If the facts alleged in the petition, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the post-conviction court shall dismiss the petition. *Id.* at (f).

In *Burnett v. State*, the Tennessee Supreme Court outlined the process that a post-conviction court must follow in determining whether a petition for post-conviction relief should be dismissed without a hearing. 92 S.W.3d 403, 406 (Tenn. 2002). First, the court

should review the petition to determine whether the petition asserts a colorable claim. *Id.* A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle [the] petitioner to relief under the Post-Conviction Procedure Act.'" *Id.* (quoting Tenn. Sup. Ct. R. 28 §2(H)). Accordingly, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief, or in other words, fail to state a colorable claim, the petition shall be dismissed." *Id.* Second, the post-conviction court "may afford an indigent *pro se* petitioner the opportunity to have counsel appointed and to amend the petition "if necessary." *Id.* When determining whether a colorable claim has been presented, a *pro se* petitioner is held to a less rigid standard than a formal pleading drafted by an attorney. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993). "If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson v. State*, 740 S.W.2d 731, 734 (Tenn. 1988). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985). The post-conviction court's dismissal of a post-conviction petition is an issue of law; therefore, the appellate court reviews the issue *de novo*. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004); *Burnett*, 92 S.W.3d at 406.

As noted, the post-conviction court found that the petitioner had failed to state a colorable claim based upon the waiver of all "claims of ineffective assistance not related to the entry of the plea itself" by pleading to an information. We would agree that once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985). However, there was no basis for the court's determination that pleading by information, rather than by indictment, in any way waives a petitioner's right to post-conviction relief based upon ineffective assistance of counsel which led to an involuntary guilty plea. We cannot agree with the court that the petitioner's decision to forego grand jury proceedings eliminates his constitutional rights. Regardless of how the petitioner was charged, he still had the right to proceed to trial by jury had he chosen to do so. As such, a suppression issue, if valid and not pursued by trial counsel, could have weighed in the determination as to whether to proceed to trial or accept the plea.

Thus, upon our *de novo* review of the petition, we conclude that the petitioner did, in fact, raise a colorable claim for review. The facts alleged by the petitioner, if taken as true, entitle him to relief. He specifically stated that trial counsel was ineffective in failing to file a motion to suppress evidence, which, if granted, would have changed his decision to enter the plea agreement, thereby rendering it unknowing and involuntary. Our reading of the petition and supporting memorandum of law, however, leads us to conclude that the petitioner's main claim of ineffective assistance of counsel is trial counsel's failure to file a

motion to suppress evidence, which effected the decision to plead guilty. As such, we must conclude that a colorable claim was asserted in the petition.

As a second ground for dismissal, the post-conviction court also relied upon the fact that the petitioner failed to appropriately comply with the Post-Conviction Procedure Act by verifying his petition and memorandum of law. However, as pointed out by the State, the failure to verify the petition under oath does not always warrant a summary dismissal. *See Timberlake v. State*, No. W2008-00037-CCA-R3-PC (Tenn. Crim. App. at Jackson, Feb. 9, 2009) (reversing the post-conviction court's summary dismissal of a post-conviction petition based on the failure of the *pro se* petitioner to verify the petition under oath); *see generally Clifton Harrison v. State*, No. E2009-00222-CCA-R3-PC (Tenn. Crim. App. at Knoxville, June 23, 2009) (noting that post-conviction court gave *pro se* petitioner fifteen days to file an amended petition to comply with the requirements and to verify the allegations of fact under oath).

Based upon the fact that the petitioner was acting *pro se*, which entitled him to be held to a less rigid standard with regard to compliance with the technical rules of procedure, and that a colorable claim for relief was stated in the petition, we conclude that it was error for the post-conviction court to summarily dismiss the petition without the appointment of counsel or, at a minimum, allow the petitioner fifteen days to amend and verify his petition. Accordingly, we reverse the decision of the post-conviction court and remand for further proceedings consistent with the Post-Conviction Procedure Act.

_____
JOHN EVERETT WILLIAMS, JUDGE