FILED

09/20/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 7, 2018

**QUINTON BONNER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 13-02771     James Lammey, Judge**

_____

**No. W2017-00925-CCA-R3-PC**
_____

In 2014, the Petitioner, Quinton Bonner, pleaded guilty to aggravated assault, and the trial court imposed a sentence of ten years. The Petitioner then sought to withdraw his guilty plea on the basis that it was not knowingly and voluntarily entered and that his trial counsel ineffectively advised him concerning his plea. The trial court denied his motion, and this court affirmed its judgment. *State v. Bonner*, No. W2015-00812-CCA-R3-CD, 2016 WL 1403308, at \*1 (Tenn. Crim. App., at Jackson, April 7, 2016) *no perm. app. filed*. In 2016, the Petitioner filed a petition for post-conviction relief, alleging that his guilty plea was entered involuntarily and that he had received the ineffective assistance of counsel. The post-conviction court summarily dismissed his petition on the grounds that the claims had been previously determined. On appeal, the Petitioner contends that the trial court erred when it summarily dismissed his petition. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Quinton Bonner, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ryan E. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts and Background**

## A. Guilty Plea

This case originates from the Petitioner's being charged with two counts of aggravated assault, one count of false imprisonment, and one count of domestic assault resulting from an incident with his wife inside their home. The Petitioner initially elected to proceed to trial, but he decided to plead guilty before the case was charged to the jury. The Petitioner entered an "open" plea to aggravated assault, meaning that the trial court would determine his sentence, and the State dismissed the remaining three charges. *Bonner*, 2016 WL 1403308, at 4.

This court summarized the events that transpired after the entry of the Petitioner's guilty plea:

> After the trial and the guilty plea hearing but prior to sentencing, [the Petitioner] filed a motion to withdraw his guilty plea. In the motion, [the Petitioner] claimed that "due to the death of his father" the week prior to trial, he "suffered from emotional trauma to the degree that he could not properly participate in his defense nor could he make a sound or rational decision about whether or not to enter a plea of guilty." [The Petitioner] claimed that it would be a manifest injustice to deny the motion.

> Months before sentencing, the trial court held a hearing on the motion to withdraw the guilty plea. At the hearing, Officer Robert Halliburton testified that he responded to the call at the residence, observed the bruising on the victim, tagged a knife into evidence, and called his supervisor. After his supervisor arrived and assessed the scene and spoke with witnesses, Officer Halliburton was advised to arrest [the Petitioner] for aggravated assault.

> [The Petitioner] also testified at the hearing. He claimed that he never told his attorney that he was guilty and that during the trial, his attorney informed him after the State's closing argument that his best option was to "cop a plea." [The Petitioner] maintained that he did not want to plead guilty. [The Petitioner] recalled that his father passed away right before trial so he just "gave up." [The Petitioner] insisted that "immediately after" the guilty plea he wrote his attorney a letter in which he expressed his displeasure for counsel's representation.

> . . . .

2

[The Petitioner] admitted that this was not his "first rodeo" because he had entered guilty pleas in the past but that he did not understand what was going on the day that he pled guilty.

The trial court questioned [the Petitioner] with regard to the guilty plea hearing. [The Petitioner] admitted that the trial court informed him on the range of punishment and the difference in going to trial versus pleading guilty. [The Petitioner] still claimed that he did not understand and that he relied on his trial counsel to "guide [him], to show [him] where [he] should go and what [he] should do. . . ."

Trial counsel was allowed to testify based on [the Petitioner's] allegations. Trial counsel indicated that he met with [the Petitioner] several times in preparation for trial and talked about different ways to approach the defense. Trial counsel recalled that [the Petitioner] had concerns about some inconsistencies in some of the police reports. Trial counsel did not bring up any issue with regard to the knife or inconsistencies in the police reports at trial because the knife had been tagged into evidence by the State and the reports contained some things that were "injurious to [the Petitioner]."

Trial counsel recalled [the Petitioner's] wanting to plead guilty at the conclusion of the trial. Trial counsel explained to [the Petitioner] that this would be an "open" plea with no agreement with regard to sentence. He told [the Petitioner] that it was not a "great idea" but that it was ultimately [the Petitioner's] decision. Trial counsel felt that [the Petitioner] understood what was going on at the guilty plea. In fact, trial counsel stated that he "tried to be very thorough" with [the Petitioner] because [the Petitioner] had "written the Board of Professional Responsibility, at least twice, maybe three times." Trial counsel "made sure that [the Petitioner] understood the [State's] [three-year] offer that he was rejecting." Trial counsel informed the trial court that he "practically got into a fist fight [with the Petitioner] when he turned down that three year offer." Trial counsel was "surprised" when [the Petitioner] did not take the offer and even continued to ask the State for that offer when the trial began. Trial counsel denied that [the Petitioner] told him "immediately" after the plea that he wanted to withdraw the plea.

At the conclusion of the hearing, the trial court recounted the proceedings and commented:

[A]t no time did I ever feel that [the Petitioner] did not understand what he was doing. At no time did I ever feel that he was confused, or that he was not understanding what we were going through.

The trial court noted that [the Petitioner] was "very familiar with the system" because of his "five, six, or seven prior felony convictions" and prior guilty pleas. The trial court was satisfied that [the Petitioner] received "competent representation" and that the guilty plea was entered "freely and voluntarily." The trial court denied the motion to withdraw and stated:

I don't find that there is any fair and just reason to set this aside. To me, I find that [the Petitioner] knew what he was doing and made a valid choice, whether it's the right choice or the wrong choice, I don't know, but there's no basis for me granting that and I think to set this aside was nothing more than [the Petitioner's] argument that this is not what he wanted to do and that he was coerced into this and enticed into this and led into this by [trial counsel]. I don't find that there's any basis for that statement, whatsoever.

The trial court also entered a written order denying the motion. In the written order the trial court commented that Defendant had "the burden of showing a manifest injustice would occur if the [the Petitioner] was not allowed to withdraw the plea."

[The Petitioner] sought an interlocutory appeal in this Court. He later filed a motion to withdraw the appeal, and his appeal was dismissed by this Court. *See State v. Quinton Bonner*, No. W2015-00277-CCA-R9-CD (Tenn. Crim. App. Mar. 23, 2015) (order).

*Bonner*, 2016 WL 1403308, at *2-4. The trial court held a sentencing hearing and sentenced the Petitioner as a Range III, persistent offender to ten years for the aggravated assault conviction. *Id.* at *4. The Petitioner appealed the trial court's denial of his motion to withdraw his guilty plea, claiming that the trial court applied the incorrect standard to his motion and failed to consider relevant factors to its determination. On appeal, this court affirmed the trial court's order denying the motion, concluding that, although the trial court had applied an improper standard in its written order, the error was harmless. *Id.* at *5. The trial court further concluded that the Petitioner had not established a fair and just reason for the withdrawal of his guilty plea. *Id.* at *6.

4

## B. Post-Conviction

The Petitioner filed a petition for post-conviction relief, *pro se,* in which he alleged that his guilty plea was not knowingly and voluntarily entered because he had received the ineffective assistance of counsel. He also requested that counsel be appointed to his case. The State filed a response alleging that the Petitioner's claim of ineffective assistance of counsel had been previously determined by the trial court in the motion to withdraw the guilty plea hearing. The post-conviction court issued an order stating that

> the allegations, as laid out, were previously determined during an evidentiary hearing . . . on a motion to withdraw a guilty plea.
>
> In the court's order denying the [P]etitioner's motion to withdraw [the] guilty plea, the [c]ourt found after a full evidentiary hearing that "having heard all of the proof and having observed the representation that the [P]etitioner] received during the course of the trial the Court found that the [P]etitioner had received the effective assistance of counsel.

The post-conviction court summarily dismissed the Petitioner's petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition for post-conviction relief. He contends that his claim of ineffective assistance of counsel was not previously determined "because he was not accorded an opportunity for full and fair litigation." The State responds that the Petitioner's ineffective assistance of counsel claim was previously determined because he raised the claim at his motion to withdraw the guilty plea hearing and received a full and fair hearing on the claim. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. §40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State,* 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this court, with no presumption of correctness. *Id.* at 457. "Where a petition conclusively shows that the petitioner is entitled to no relief, it is

properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985).

Issues that have been "previously determined" may not be re-litigated in a post-conviction procedure. *See* T.C.A. § 40-30-106(f). A ground for relief has been previously determined when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." *See* T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.*; *see Miller v. State*, 54 S.W.3d 743, 747-48 (Tenn. 2001) (holding that the issue raised and resolved in the petitioner's direct appeal "cannot be revisited in this post-conviction proceeding.").

Upon our review of the transcript of the hearing on the Petitioner's motion to withdraw his guilty plea, we conclude that the Petitioner's claim that he received the ineffective assistance of counsel has been previously determined and that he received a full and fair hearing. The Petitioner was represented by counsel (hereinafter "motion counsel") at the hearing on the motion. The Petitioner's trial counsel testified at the hearing, as did the Petitioner and the officer who investigated the crime scene and made the arrest. The trial court reviewed with the Petitioner that which had transpired at the guilty plea hearing and whether the Petitioner had a full understanding of entering a plea. Trial counsel was subject to direct and cross-examination, as well as questions from the trial court, about the Petitioner's decision to plead guilty and what occurred leading up to his decision to plead guilty. Motion counsel argued that the Petitioner's and trial counsel's antagonistic relationship prevented the Petitioner from receiving competent counsel. Motion counsel presented all of the facts surrounding the entry of his plea and the timeline surrounding his motion to withdraw it. On this basis we conclude that the Petitioner's claim of ineffective assistance of counsel has been previously determined. As such, his petition conclusively demonstrated that he was not entitled to relief, and the post-conviction court properly dismissed the petition summarily.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the post-conviction court properly summarily dismissed the Petitioner's petition for post-conviction relief. In accordance with the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE