IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2021

**KIMBERLY ANN SCOTT v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Wilson County
No. 15-CR-1203, 17-CR-334      Brody N. Kane, Judge**

————————————————————

**No. M2020-01023-CCA-R3-PC**

————————————————————

Petitioner, Kimberly Ann Scott, appeals the summary dismissal of her pro se petition for post-conviction relief. She argues that her petition alleges a colorable claim for relief and that therefore, the post-conviction court erred by dismissing the petition without appointment of counsel or an evidentiary hearing. The State concedes that the post-conviction court erred by summarily dismissing the petition. Upon review, we reverse the judgment of the post-conviction court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, Jr., JJ., joined.

Kimberly Scott, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Petitioner was indicted by a Wilson County grand jury in Case No. 15-CR-1203 for reckless endangerment, first offense driving under the influence of an intoxicant ("DUI"), violation of the implied consent law, leaving the scene of an accident, driving on a suspended license, failure to report an accident, violation of the seat belt law, failure to show proof of insurance, and failure to exercise due care in operating a vehicle. She was

indicted in Case No. 17-CR-334 for first-degree murder. In Case No. 15-CR-1203 Defendant pled guilty to felony reckless endangerment with a deadly weapon, and the State dismissed the remaining charges. She pled guilty to criminal responsibility for second-degree murder in Case No. 17-CR-334. The trial court imposed an effective nineteen-year sentence to be served in confinement.

Petitioner filed a timely pro se petition for post-conviction relief, alleging: that her guilty plea was unlawfully induced; that she entered the plea without understanding the nature and consequences of the plea; and that she received ineffective assistance of counsel. More specifically, Petitioner alleged in her petition that she did not enter her guilty plea knowingly, intelligently, or voluntarily because she believed for two years that she would be proceeding to trial and that defense counsel "never fully went over the entire discovery." Petitioner further alleged:

> The Petitioner was also [led] to believe that additional pre-trial motions were going to be filed. This information was provided by co-counsel, [    ]. However, no other pre-trial motions were filed to the Petitioner's knowledge. After two years of believing she would be going to trial[,] [trial counsel] visited Petitioner in jail on Sunday July 7, 2019[,] and presented her with the offer of 4 years for reckless endangerment and 15 years for 2nd degree murder. Only July 8, 2019[,] the Petitioner was informed by the Trial Court that she had to accept the plea bargain right then or set a trial date.
>
> The Petitioner felt she had no recourse but to accept the plea bargain and did so out of lack of any other information available to her as her defense counsel had been saying for two years that she would go to trial and then unexpectedly and with no explanation urged her to plead guilty in less than a 24[-]hour span. It is the Petitioner's understanding that the plea bargain originated with [trial counsel] and was presented to the State, which the State agreed to despite the fact that she was charged with 1st degree murder. The Petitioner had many mitigating circumstances to offer in her defense among them that she was sexually assaulted by the victim and that her son and co-defendant was willing to testify that he was the shooter. The Petitioner continued to maintain that she was innocent and wanted to go to trial, but took the plea bargain under intense pressure from her own counsel.

Petitioner also stated in her petition that the only pre-trial motion filed by trial counsel was a motion to suppress, which the "[t]rial court took two months to rule on and did not present

- 2 -

the ruling until July 8, 2019[,] the same day that he told the Petitioner that she either had to plead guilty or set a trial date right then."

Upon preliminary review, the post-conviction court concluded that Petitioner failed to assert a colorable claim in her petition for post-conviction relief because "[t]he allegations made, even if true, would not be sufficient to entitle Petitioner to relief." The post-conviction court entered a written order denying the petition for post-conviction relief. It is from this order that Petitioner appeals.

## ANALYSIS

A petitioner is entitled to post-conviction relief when a conviction or sentence is "void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The petitioner bears the burden of proving the allegations of fact in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f). Evidence is clear and convincing when the correctness of the conclusions drawn from the evidence admits no serious or substantial doubt. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009).

This court reviews the post-conviction court's conclusions of law, its decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness. *Whitehead v. State*, 402 S.W.3d 615, 620 (Tenn. 2013) (citing *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011); *Calvert v. State*, 342 S.W.3d 477, 485 (Tenn. 2011)). However, the post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). This court may not substitute its own inferences for those drawn by the post-conviction court, and questions concerning the credibility of witnesses, the weight and value of the evidence, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001).

The post-conviction court must determine whether the petition asserts a colorable claim. *See* Tenn. Sup. Ct. R. 28, § 6(B)(2)-(3). A colorable claim is a claim "that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief." Tenn. Sup. Ct. R. 28, § 2(H). The Post-Conviction Procedure Act requires that petitions "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis for those grounds." T.C.A. § 40-30-106(d). If the petition states a colorable claim, the post-conviction court must set an evidentiary hearing. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). In determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. *Allen v. State*, 854 S.W.2d 873, 875 (Tenn. 1993).

"If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (citing Tenn. Code Ann. §§ 40-30-104, -107, -115). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State*, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing T.C.A. § 40-30-109).

In this case, Petitioner essentially alleged that trial counsel rendered ineffective assistance of counsel by pressuring her to accept a guilty plea that was not in Petitioner's best interest. She claimed that this was unexpected after two years of believing that she was going to trial and wanting to go to trial, despite not having reviewed all of the discovery, maintaining her innocence, and the failure of trial counsel to file pre-trial motions. Petitioner argued that this resulted in an unknowing, unintelligent, or involuntary guilty plea. In the light most favorable to Petitioner, these allegations state a colorable claim for post-conviction relief. Therefore, the post-conviction court erred in summarily denying Petitioner's petition for post-conviction relief. *See Derrick Helms v. State*, No. E2017-02421-CCA-R3-PC, 2018 WL 4692462, at *2-3 (Tenn. Crim. App., at Knoxville, Sept. 26, 2018) (Petitioner's allegation that trial counsel rendered ineffective assistance of counsel based on trial counsel's failure to review discovery with petitioner which resulted in an unknowing guilty plea was a colorable claim for post-conviction relief).

## CONCLUSION

Based on the foregoing, the allegations in Petitioner's petition for post-conviction relief state a colorable claim for relief. Therefore, the judgment of the post-conviction court is reversed, and the case is remanded for the appointment of counsel and an evidentiary hearing as required under the Post-Conviction Act.

_____
JILL BARTEE AYERS, JUDGE

- 4 -