IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 12, 2022

## STATE OF TENNESSEE v. CHRISTOPHER JAMES CARBIN

**Appeal from the Criminal Court for Shelby County**
**Nos. 85-06415, 85-06420   Lee V. Coffee, Judge**

———————————————————

### No. W2021-01082-CCA-R3-CD

———————————————————

Petitioner, Christopher James Carbin, appeals the trial court's denial of his "Motion for Order Compelling Discovery," which he filed regarding his 1986 Shelby County convictions for attempted second degree burglary, carrying burglar's tools, and receiving stolen property.  Upon review, we conclude that we are without jurisdiction to address the merits of the instant case, and the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

Christopher James Carbin, Holly Springs, Mississippi, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Factual and Procedural Background

From the limited record before us, it appears that, on August 29, 1986, Petitioner pled guilty in the Criminal Court of Shelby County to attempted second degree burglary in case no. 85-06420, carrying burglar's tools in case no. 85-06415, and receiving stolen property in case no. 86-02151.  Pursuant to a plea agreement, the trial court sentenced Petitioner, as a Range I standard offender, to concurrent sentences of one year for attempted second degree burglary, one year for carrying burglar's tools, and two years and six months

for receiving stolen property, and the trial court ordered that Petitioner serve his sentence in the workhouse. Each of the judgments of conviction indicates that Petitioner was "rendered infamous" based on his conviction. Following the entry of the judgments of conviction, Petitioner did not file any appeals challenging the convictions or sentences.

On April 14, 2020, Petitioner filed a "Petition for Order to Show Cause," requesting that the State "clarify" whether his three prior Tennessee convictions were felony convictions and whether the prior Tennessee convictions could be used "as enhancement elements without being properly certified in 1986." Petitioner explained that, in April 1988, he had pled guilty to numerous offenses in the Circuit Court of Tate County, Mississippi and that the trial court in Mississippi had used his prior Shelby County convictions to sentence him as a habitual offender "within the meaning of Section 99-18-61 of [Mississippi Criminal] Code[.]" Petitioner asserted that records from Tennessee that were submitted to the Mississippi trial court did not indicate that the prior Shelby County convictions were felony convictions, and he argued that the Mississippi court "neglected to follow" the "definition of the [three] convictions in Tennessee." Petitioner further asserted that the Tennessee records had not been properly certified and should not have been accepted as evidence of his prior convictions.[1] As relief, Petitioner requested that the State issue "a clarification letter, acknowledging that the [three] prior convictions in Tennessee [were] not felonies to be used for enhancement purposes."

On June 25, 2020, Petitioner filed a "Motion for Order Compelling Discovery, M. R. Civ. Pro (36) (37)."[2] In the motion, Petitioner alleged that the State had failed to file an answer to his "Petition for Order to Show Cause" and failed to permit inspection of materials. Petitioner requested that the trial court enter "an order compelling an answer, or a designation, or an order compelling inspection in accordance of the request."

On August 16, 2021, the trial court filed an "Order Denying Motion for Discovery." In its order, the trial court noted that Petitioner failed to "allege exactly what discovery [was] needed and the purposes for any discovery" and that Petitioner did not have "any matters pending in the trial or appellate courts." The trial court found that the State was

> not required to furnish a petitioner with a trial transcript for purposes of exploring the possibility of filing post-conviction or collateral petitions. *Jones v. State*, 457 S.W.2d 869 ([Tenn.] 1970); *Dotson v. State*, 477 S.W.2d 763 (Tenn. Crim. App. 1971); *McCracken v. State*, 529 S.W.2d 724 (Tenn. Crim. App. 1971); *Avant v. State*, 577 S.W.2d 471 (Tenn. Crim. App. 1978).

---

[1] Petitioner acknowledges, however, that his trial counsel in Mississippi did not object to the admission of the Tennessee records at sentencing on the Mississippi offenses.

[2] It appears from the motion that Petitioner is citing to the Mississippi Rules of Civil Procedure.

The court found that Petitioner had "not alleged why such records [were] necessary" and that the court was "not in possession of any discovery materials."[3] Petitioner now appeals.

## Analysis

On appeal, Petitioner reiterates the allegations made in his "Petition for Order to Show Cause" and "Motion for Order Compelling Discovery," again seeking "full discovery" of the records relating to his prior Shelby County convictions. The State responds that the appeal should be dismissed because Petitioner does not have an appeal as of right.

Rule 3(b) of the Tennessee Rules of Appellate Procedure grants defendants the right to appeal any number of matters but does not contemplate an appeal as of right from an order denying a motion for discovery. Rule 3(b) states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Tennessee Rules of Criminal Procedure 32(f).

Tenn. R. App. P. 3(b). As noted by the State, the instant appeal does not fall under any of the circumstances available for a direct appeal for a defendant. Because this case does not fall within the purview of Rule 3, we conclude that we lack jurisdiction to consider the

---

[3] The trial court also noted that, even if it were to consider the "Motion for Order Compelling Discovery, M. R. Civ. Pro (36) (37)" as a "pro se request for post-conviction relief and appointment of counsel," the applicable statute of limitations would bar the petition as it was filed over thirty-three years after his convictions became final.

matter, and the appeal must be dismissed. *See James William Taylor, a.k.a. Lutfi Shafq Talal v. State*, No. M2009-02170-CCA-R3-CO, 2010 WL 5343315, at *2 (Tenn. Crim. App. Dec. 20, 2010) (noting that "the judgment denying the petitioner's motion is not covered by Rule 3; therefore, the petitioner does not have an appeal as of right from the denial"), *no perm. app. filed*; *see also Timothy A. Baxter v. State*, No. W2019-00590-CCA-R3-CD, 2020 WL 41926, at *2 (Tenn. Crim. App. Jan. 3, 2020) (dismissing the defendant's appeal after concluding that Rule 3(b) did not provide an appeal as of right from an order denying a motion to alter or amend), *no perm. app. filed*.

## Conclusion

Based on the foregoing, the appeal is dismissed for lack of jurisdiction.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 4 -