# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs June 28, 2016

## ERIC PARKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C65,592    James F. Goodwin, Jr., Judge**

---

**No. E2016-00298-CCA-R3-PC – Filed July 8, 2016**

---

Pro se petitioner, Eric Parker, appeals the Sullivan County Criminal Court's summary dismissal of his petition for post-conviction relief. On appeal, he argues that his petition contains sufficient factual support to establish colorable claims for relief and that the post-conviction court erred by dismissing his petition without a hearing. Upon review, we reverse the judgment of the post-conviction court with regard to the petitioner's ineffective assistance of counsel claim and remand for appointment of counsel and an opportunity to amend the petition for post-conviction relief as it relates to that claim. In all other respects, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed in Part and Affirmed in Part**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., J., joined. ROBERT H. MONTGOMERY, JR., J., not participating.

Eric Parker, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Barry P. Staubus, District Attorney General; and Kaylin K. Render, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In July 2011, the petitioner was indicted for the intentional or knowing aggravated assault of a domestic abuse victim after he beat his girlfriend with a metal rod. Following a jury trial, he was convicted of the lesser offense of aggravated domestic assault by reckless conduct, a class D felony. See T.C.A. §§ 39-13-101(a)(1), -102(a)(1)(B)(iii) (West 2010). The trial court sentenced the petitioner as a Range I, standard offender to four years' incarceration with thirty percent release eligibility. Both his conviction and

sentence were affirmed by this court on direct appeal.  See State v. Eric Parker, No. E2013-02339-CCA-R3-CD, 2014 WL 5483015, at *1 (Tenn. Crim. App. Oct. 29, 2014), no perm. app. filed.  As relevant to this appeal, the underlying facts of the petitioner's case on direct appeal were as follows.

On the day of the offense, the petitioner, whom the victim had been dating for around a year, gave the victim two money orders totaling $750, and the victim placed the money orders in the pocket of her pants.  Id. at *2.  When the petitioner subsequently asked her for the money orders, the victim, forgetting that she had changed clothes, thought that she had lost them.  Id.  The petitioner began yelling at the victim and struck her with the back of his hand, knocking her to the floor.  Id.  The petitioner then beat the victim repeatedly with a metal rod, and the victim's wounds required immediate hospitalization.  Id.  She testified at trial that she sustained permanent injuries in the attack, including scars, an injury to a tendon or ligament in her arm, and a hole in her thigh that was so deep that she could see bone at the time of the injury and that medical personnel were unable to close.  Id. at *3.  The victim's neighbor, father, and sister also testified consistently at trial with regard to the severity of the victim's injuries, and photographs of her injuries were introduced into evidence.  Id.

Several hours after the assault, the petitioner was arrested.  At that time, law enforcement officers searched the apartment where the victim and petitioner resided together and recovered "a barbell" from underneath their bed.  Id. at *3.  There was another weight bar, which was slightly longer, in the living room.  Id.  Photographs were taken of both bars during the search, and the victim identified the bar from the bedroom as the one used to beat her.  The weapon was taken into evidence, but the photographs from the search were lost prior to trial.  Id.  The petitioner, testifying on his own behalf at trial, gave a description of the assault that was largely consistent with the victim's testimony.  Id.  The only significant discrepancy in the petitioner's account was his claim that he hit the victim repeatedly with a copper broomstick, and he agreed with the prosecutor's statement that "basically the only thing you dispute is the fact that a weight bar was used.  Everything up to this point you admit doing, it just happened to be with a broomstick is what your testimony is."  Id.  Moreover, the petitioner confirmed that the victim had blood trickling down her arm and leg after the assault.  Id. at *4.

Based on the aforementioned proof, the jury convicted the petitioner of reckless aggravated domestic assault, which, as narrowed by the indictment, is committed when the perpetrator recklessly causes bodily injury to another and the assault involves the use or display of a deadly weapon.  See T.C.A. §§ 39-13-101(a)(1), -102(a)(1)(B)(iii) (West 2010).  On October 13, 2015, the petitioner filed a handwritten pro se petition for post-conviction relief.  In his petition, he alleged that he received ineffective assistance of

-2-

counsel based on counsel's failure to file timely motions, to investigate the particulars of his arrest, to investigate the victim's background or medical records, to confer with him, or to file a motion to suppress illegally-obtained evidence "that the trial court did not reveal [until] the last moment." He further asserts that "[his] conviction was based on use of evidence gained pursuant to an unconstitutional search and seizure" and that the State failed to disclose exculpatory evidence during discovery."

On November 30, 2015, the post-conviction court issued an order summarily dismissing the pro se petition. With regard to the ineffective assistance of counsel claims, the court reasoned that the petitioner made "sweeping assertions that but for the alleged deficient performance of his attorney that he might have gotten less time, a lessor included offense and/or that the result cannot be relied upon" but otherwise "failed to set out any factual allegations as to prejudice." The court emphasized that the petitioner admitted to beating the victim with a copper broomstick in his testimony at trial and added,

> Given Petitioner's admissions before the jury and the fact that the Court of Criminal Appeals found that a copper broomstick could have been a deadly weapon, this Petitioner cannot show there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different.

In regard to the petitioner's additional claims, the court found that the post-conviction petition "d[id] not set out, as required, any allegations (much less a full disclosure) of the factual basis for his grounds for relief" and "d[id] not include any allegations of fact explaining why each ground for relief was not presented in any earlier proceeding."

On December 17, 2015, the petitioner filed a pro se motion to reconsider, along with a memorandum in support of the motion, alleging that he should have been appointed counsel and allowed time to amend his post-conviction petition. On January 25, 2016, the post-conviction court filed an order denying the motion to reconsider. It is from this order that the petitioner now appeals.

## ANALYSIS

On appeal, the petitioner asserts that the post-conviction court erred in dismissing his pro se petition for relief. As an initial matter, the State asserts that this appeal should be dismissed because the petitioner did not file a timely notice of appeal. We agree that the petitioner's notice of appeal was not timely filed. The deadline for the notice of appeal was December 30, 2015, which was thirty days from the filing of the post-

conviction court's written order dismissing the post-conviction petition. See Tenn. R. App. P. 4(a). The petitioner's notice of appeal was not filed until February 10, 2016, which was within thirty days of the court's order denying the petitioner's motion to reconsider. However, in the petitioner's December 8, 2015 motion to reconsider, the petitioner indicated that he was intending for the motion to "also function as his Notice of Appeal" in the event that it was denied. Though we acknowledge that the petitioner's motion to reconsider did not toll the thirty-day filing requirement, see State v. Rockwell, 280 S.W.3d 212, 214-15 (Tenn. Crim. App. 2007), the State was on notice of the petitioner's intention to file an appeal in this matter within thirty days of the dismissal of the post-conviction petition. Under these circumstances, we will review the merits of this appeal in the "interest of justice." See Tenn. R. App. P. 4(a).

The petitioner contends that his pro se petition stated colorable claims for relief and was sufficient to warrant appointment of counsel and an evidentiary hearing. He further suggests that the post-conviction court improperly based its dismissal of his petition on the ultimate success of his claims rather than on a determination of whether he failed to present a colorable claim for review. We review the propriety of a post-conviction court's summary dismissal of a post-conviction petition de novo. See Arnold v. State, 143 S.W.3d 784, 786 (Tenn. 2004) (citing Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002)); Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001). Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. A petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d). Bare allegations that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. See id. Upon receipt of a petition for post-conviction relief, the post-conviction court conducts a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2); Burnett, 92 S.W.3d at 406. A colorable claim is defined as "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'" Burnett, 92 S.W.3d at 406 (quoting Tenn. Sup. Ct. R. 28 § 2(H)).

The post-conviction court "may afford an indigent pro se petitioner the opportunity to have counsel appointed and to amend the petition, if necessary." Id. (citing T.C.A. § 40-30-207(b)(1) (renumbered as § 40-30-107 (2003))). In the event that an amended petition is incomplete, the court shall determine whether the petitioner is indigent and in need of counsel and may appoint counsel and enter a preliminary order if necessary to secure the filing of a complete petition. Id. § 40-30-106(e). "If the facts alleged in the petition, taken as true, fail to show that the petitioner is entitled to relief or

-4-

fail to show that the claims for relief have not been waived or previously determined, the post-conviction court shall dismiss the petition." See id. § 40-30-106(f). The order of dismissal shall set forth the post-conviction court's conclusions of law. See id. A post-conviction court shall enter an order or a preliminary order within thirty (30) days of the filing of the petition or amended petition. See id. § 40-30-106(a).

When determining whether a colorable claim has been presented, pro se petitions are held to a less rigid standard than formal pleadings drafted by attorneys. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993) (citing Gable v. State, 836 S.W.2d 558, 559-60 (Tenn. 1992)). "If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel." Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988) (citing T.C.A. §§ 40-30-104,-107, -115). However, "[w]here a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985) (citing T.C.A. § 40-30-109).

Upon review, we agree with the post-conviction court that the petitioner failed to provide adequate factual support for his allegation of prosecutorial misconduct based on the State's failure to disclose exculpatory evidence. The only specific evidence the petitioner identifies as not having been disclosed was the victim's medical records. We note that, in contrast to the petitioner's assertions, this court's summary of the facts on direct appeal indicates that defense counsel filed a motion requesting the victim's medical records two weeks prior to trial, at which time the State responded that it did not possess or intend to introduce the victim's medical records at trial. Eric Parker, 2014 WL 5483015, at *1. Moreover, both the trial court, as well as this court on direct appeal, determined that examination of the victim's medical records was unnecessary to establish that the victim suffered bodily injury. Id. at *1, 7-8.

Furthermore, we note that both the petitioner's claim of prosecutorial misconduct, as well as his claim that the alleged weapon, a metal weight bar recovered from under the petitioner's bed, was obtained pursuant to an illegal search and seizure, are waived because the petitioner failed to raise these arguments on direct appeal. See T.C.A. § 40-30-106(g). However, to the extent that he asserts that counsel was ineffective for failing to notice or seek to suppress the illegally-obtained evidence, the petitioner presented a colorable claim for relief sufficient to withstand summary dismissal. Importantly, the fact that the petitioner's assertions as they relate to this claim are disjointed and inartfully drafted does not render his petition meritless. See Swanson, 749 S.W.2d at 73. Here, the petitioner identifies the metal bar from under his bed, which was introduced as evidence at trial, as having been illegally-obtained. He contends that "[t]he police entered into

-5-

[his] home without probable cause []or a warrant," and that counsel's failure to raise this issue severely prejudiced his case because "had counsel filed a motion to su[p]press[,] this would have changed the entire evidentiary picture tremendously in favor to the defense." In relation to this claim, he also avers that counsel filed a motion for a continuance in order to examine the alleged weapon but should have instead moved to suppress the introduction of the illegally-obtained weapon altogether. We conclude that these collective allegations, if true, would establish a colorable claim for relief, as the use of a deadly weapon was a requisite element of the offense for which the petitioner was indicted and counsel's failure to suppress the illegally-obtained weapon would have amounted to prejudice.

In dismissing the pro se petition for relief, the post-conviction court found that the petitioner would not ultimately be able to prevail on the merits of an ineffective assistance of counsel claim in light the inculpatory proof introduced at trial. Though we acknowledge the weight of the convicting evidence presented at trial, including the petitioner's own testimony, "[t]he ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing." William Alexander Cocke Stuart v. State, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004) (citing Roosevelt Malone v. State, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. May 16, 2003); see also T.C.A. § 40-30-106(b)-(d); Gregory D. Valentine v. State, No. M2014-00977-CCA-R3-PC, 2015 WL 274181, at *7 (Tenn. Crim. App. Jan. 21, 2015). Furthermore, there is no requirement that a petitioner prove his claims at this stage; he must only allege a colorable claim in his petition. See Shazel v. State, 966 S.W.2d 414, 415-16 (Tenn. 1998) ("There obviously is an important distinction between the right to seek relief in a post-conviction proceeding and the right to have relief in a post-conviction proceeding.").

Because the petitioner has presented at least one colorable claim for ineffective assistance of counsel and the denial of effective assistance is a constitutionally recognized ground for post-conviction relief, we conclude that the post-conviction court prematurely dismissed the petitioner's claim. Accordingly, we reverse the judgment of the post-conviction court summarily dismissing the petition as it relates to the petitioner's allegation of ineffective assistance of counsel. The case is remanded for appointment of counsel and the opportunity to amend the petition for post-conviction relief pursuant to Tennessee Code Annotated section 40-30-107. In all other respects, the judgment of the post-conviction court is affirmed.

## CONCLUSION

Following our review, we reverse the judgment of the Sullivan County Criminal Court with regard to the petitioner's ineffective assistance of counsel claim and remand for further proceedings consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE