IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2018

## CHRISTOPHER YOUNG v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 40701514      William R. Goodman, III, Judge**

_____

### No. M2017-01106-CCA-R3-PC

_____

In 2008, the Petitioner, Christopher Young, pleaded guilty to possession of a Schedule II controlled substance with a six-year sentence to be served on Community Corrections. In 2017, the Petitioner filed a petition for post-conviction relief, which the post-conviction court summarily dismissed as untimely filed. On appeal, the Petitioner contends that this matter should be remanded to the lower court to allow him to file an amended petition in light of recent case law. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. and J. ROSS DYER, J., joined.

Brittany K. Byrd, Dallas, Texas and Jessica M. Van Dyke, Nashville, Tennessee, for the appellant, Christopher Young

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; John W. Carney, Jr., District Attorney General; and Chris W. Dotson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Background

This case originates from the Petitioner's 2007 arrest for drug possession, which resulted in him being charged by a grand jury with three drug offenses, one of which was possession of a Schedule II controlled substance, a charge to which he later pleaded guilty. The 2008 guilty plea and sentencing hearing transcripts are not included in the record, but the record indicates that the trial court sentenced the Petitioner to six years, allowing him to serve his sentence on Community Corrections. It appears that the United

States Federal Government subsequently charged the Petitioner with a drug offense and he was convicted and sentenced in that case in 2013.

In 2017, the Petitioner filed a petition for post-conviction relief, *pro se*, alleging that he had received the ineffective assistance of counsel and that his 2008 guilty plea was not voluntarily entered. He contended that his attorney ("Counsel") had not advised him that, by pleading guilty, his conviction could later be used to enhance any future sentence, such as the one he received in federal court in 2013. He stated that, had he known of this possibility, he would have proceeded to trial. The State responded that the petition fell outside the statute of limitations and did not qualify for one of the exceptions for the tolling of the statute. The State requested that the petition be summarily dismissed.

The Petitioner subsequently filed a motion for appointment of counsel and a motion requesting that he be allowed to attend his post-conviction hearing via teleconference; he was in a federal medical facility in Kentucky at the time. The post-conviction court reviewed the petition, and then issued an order, addressing neither of the Petitioner's motions but dismissing the petition as follows:

> (1) this Petition is barred by the statute of limitations and (2) this Petition comprises no allegation relevant to either any of the statutorily-defined exceptions to the statute of limitations or to the statutorily-defined requirements for reopening a prior petition for post-conviction relief.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that his case is subject to one of the exceptions to the statute of limitations and that this matter should be remanded to allow him to file an amended petition in light of recent case law found at *Lee v. United States*, 137 S. Ct. 1958 (2017). The Petitioner further contends that an attorney should have been appointed following the filing of his *pro se* petition and that a hearing should have been held with the Petitioner in attendance. The State responds that the post-conviction court properly dismissed the petition as time-barred and that none of the exceptions are applicable, as *Lee* does not establish a new constitutional right. Finally, the State contends that the Petitioner has waived his argument regarding a hearing being held because he failed to include the relevant documents in the record and he failed to adequately brief the issue.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. §40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence.

2

T.C.A. § 40-30-110(f) (2014). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this court, with no presumption of correctness. *Id.* at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 689-90. If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn.

1994).

This standard also applies to claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the requirement of prejudice in a case involving a guilty plea, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he or she "would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

## A. Statute of Limitations

We begin by addressing the issue of whether the Petitioner's petition was time-barred, and, in the event that it was, if the Petitioner was entitled to a tolling of the statute of limitations. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2014). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2014).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner

was convicted; or

> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)). Our supreme court has also recognized that "extraordinary circumstances" might require the tolling of the statute of limitations, specifically cases where "circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Whitehead v. State*, 402 S.W.3d 615, 634 (Tenn. 2013) (citing *State v. Smith*, 357 S.W.3d 322, 358 (Tenn. 2011)).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of March 19, 2008, the date that his judgment became final. *See* T.C.A. § 40-30-102(a) (2014); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). The Petitioner alleges that he later learned of the consequences of his guilty plea when he was sentenced in federal court in 2013. The Petitioner filed his petition on April 7, 2017, just over nine years after his guilty plea, and over three years after his federal sentence was imposed. Thus, his filing was barred by the statute of limitations.

We then turn to address whether any of the statutory exceptions to the one-year statute of limitations are applicable to the Petitioner's claims. The Petitioner contends that his claim falls under the first exception, that the claim is "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required." T.C.A. § 40-30-102(b)(1). He contends that *Lee v. United States* announces a new standard for assessing

the prejudice prong in an ineffective assistance of counsel inquiry. He argues that it should be applied retroactively. The State contends that *Lee* did not establish a constitutional right that did not exist at the time of the Petitioner's guilty plea, nor did it require retroactive application of its holding, and thus cannot be used to toll the statute of limitations. We agree with the State.

The petitioner in *Lee*, a thirty-five year resident of the United States with virtually no ties to his country of origin, was deported after pleading guilty to a crime and sought post-conviction relief on the basis that he would not have entered a guilty plea but for the deficient advice of his attorney that he definitively would not face deportation. In its opinion in *Lee*, the United State Supreme Court concluded that the petitioner had "demonstrated a 'reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee*, 137 S.Ct. at 1969 (citation omitted). Thus, the Supreme Court concluded that, considering the unusual circumstances of the *Lee* petitioner's case and looking to the contemporaneous evidence substantiating the petitioner's claim, the petitioner had demonstrated prejudice sufficient to surmount the standards recited in *Strickland* and *Hill*. *Id.; see also Strickland*, 466 U.S. at 694; *Hill*, 474 U.S. at 59.

The Petitioner in the present case claims that, in light of the holding in *Lee*, the Supreme Court established a new standard for demonstrating prejudice. We disagree. The *Lee* court cited *Hill* repeatedly, most notably in its holding, when it concluded that the petitioner had demonstrated prejudice. As such, the Petitioner's claim that he would not have pleaded guilty had Counsel advised him that his conviction could be used to enhance any future sentence is not based on a "constitutional right that was not recognized as existing at the time of trial," T.C.A. § 40-30-102(b)(1), as no such right was declared by *Lee*. Accordingly, he has not demonstrated that he is entitled to a tolling of the statute of limitations, and we conclude that the post-conviction court properly summarily dismissed his petition on this basis. The Petitioner is not entitled to relief on this issue.

### B. Summary Dismissal

The Petitioner next contends that the post-conviction court erred when it summarily dismissed his petition and when it failed to appoint counsel following the filing of his *pro se* petition. He contends that the law of this State requires that he be represented by counsel, although he concedes that a court may refuse to appoint counsel in the case of a petition that conclusively shows a petitioner is not entitled to relief. The State responds that the Petitioner's argument is waived due to an inadequate record and failure to outline the issue in the "Statement of the Issues" in his brief.

We note that in the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss

the petition. T.C.A. § 40-30-106(b) (2014). "Where a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing." *Givens v. State,* 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985).

The post-conviction court stated in its order dismissing the petition:

(1) this Petition is barred by the expiration of the statute of limitations and (2) this Petition comprises no allegation relevant to any of the statutorily-defined exceptions to the statute of limitations or to the statutorily-defined requirements for reopening a post-conviction petition for post-conviction relief.

The Petitioner's petition did not allege any facts as to why he waited more than three years to file his petition after he became aware of the consequences of his 2008 guilty plea in 2013. As such, his petition conclusively demonstrated that he was not entitled to relief, and the post-conviction court properly dismissed the petition summarily.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the post-conviction court properly dismissed the Petitioner's petition for post-conviction relief. In accordance with the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE